# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **DOE** | **CIVIL ACTION NO. 24-554** |
| **VERSUS** | **JUDGE EDWARDS** |
| **CONSTANT** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING AND ORDER

This ruling will address three motions. First, the Motion for Sanctions filed by Douglas Constant ("Defendant");[1] second, the Motion to Strike filed by Plaintiff Jane Doe ("Plaintiff");[2] and last, the Motion to Hold Defendant in Contempt filed by Plaintiff.[3] After careful consideration of the parties' memoranda and the applicable law, Defendant's Motion for Sanctions is **DENIED**, Plaintiff's Motion to Strike is **GRANTED**, and Plaintiff's Motion to Hold Defendant in Contempt is **DENIED**.

### I.  BACKGROUND

Plaintiff brought the present action against Defendant under 15 U.S.C. § 6851(b)(1), a statute creating a civil cause of action for victims of "revenge porn," alleging that Defendant released intimate visual depictions of her to her family, friends, landlord, and others without consent.[4]

**A. Defendant's Motion for Sanctions.**

Defendant moves the Court to impose sanctions pursuant to Rule 11 of the

---

[1] R. Doc. 18.
[2] R. Doc. 30.
[3] R. Doc. 68.
[4] R. Doc. 1.

Federal Rules of Civil Procedure against Plaintiff and her counsel. Specifically, Defendant requests sanctions for insufficient service, "false accusations" to his employer, and withholding evidence.[5] Plaintiff asserts that the Defendant's motion is procedurally defective under Rule 11(c)(2), and that sanctions are not warranted because the complained-of service relates to a pre-suit cease and desist letter, the letter to Defendant's employer was appropriate for the preservation of evidence and finally, no evidence was withheld.[6]

### B. Plaintiff's Motion to Strike.

Plaintiff moves to strike Defendant's Supplemental Filing for Pro Se Motion for Sanctions,[7] on the grounds that it is procedurally defective, contains irrelevant and immaterial information, and has no substantive basis in fact or law.[8] Defendant opposes the motion to strike by asserting that any procedural defect is justified and the supplemental brief contains relevant information.[9] Defendant's opposition then reiterates the basis of his motion for sanctions.[10]

### C. Plaintiff's Motion to Hold Defendant in Contempt.

Finally, Plaintiff moves this Court to hold Defendant in contempt for violating the preliminary injunction issued by the Court.[11] Plaintiff contends that Defendant violated the injunction when he revealed her identity and offered to disclose intimate visual depictions of her to Plaintiff's employer and the agency that regulates

---

[5] R. Doc. 18.
[6] R. Doc. 28.
[7] R. Doc. 23.
[8] R. Doc. 30-1.
[9] R. Doc. 36.
[10] *Id.*
[11] R. Doc. 29.

Plaintiff's profession by filing ethics complaints.[12] Additionally, Plaintiff raised concerns about Defendant mailing purported copies of his complaints to her home.[13] In response, Defendant does not deny that he took the actions at issue in the motion for contempt. However, he asserts that his actions were not intended to violate the injunction but were made in good faith to pursue professional ethics complaints against the Plaintiff. Defendant further seeks guidance from the Court on how he may proceed with his ethics complaints and remain in compliance with the injunction.[14]

## II. LAW AND ANALYSIS

### A. Defendant's Motion for Sanctions.

Defendant moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure which provides in pertinent part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….[15]

---

[12] R. Doc. 68-2; R. Doc. 68-3. Defendant notified Jane Doe's counsel of his filings via email.
[13] R. Doc. 68, p.2-3.
[14] R. Doc. 69.
[15] Fed. R. Civ. P. 11(b).

Defendant contends that sanctions are necessary to address insufficient service of a pre-suit cease and desist letter, false accusations to his employer, and withholding evidence. Before we address each of these allegations in turn, we note that as a threshold matter, even assuming *arguendo* these allegations are true, none of them fall within the scope of Rule 11 as none of them deal with representations to the court. Further, Defendant's request for sanctions is procedurally defective under Rule 11, as pointed-out by the Plaintiff, because Defendant did not serve the motion twenty-one days before filing, as required by Rule 11(c)(2).

**Insufficiency of Service**

Defendant does not deny that *he* was properly served; instead, he claims that the insufficient service occurred when Plaintiff mailed letters to his home that were addressed to "Leda Mancini" and "Cullen Brennan" - two people who Defendant claims "do not reside at my address nor have any association with me."[16] Assuming this allegation is true, for the limited purpose of this motion, Defendant cannot allege insufficient service on behalf of other parties.

Plaintiff responds that the letters at issue were pre-suit cease and desist letters sent to Defendant and his alleged aliases "Leda Mancini" and "Cullen Brennan."[17] As such, the letters were not required to be served in accordance with the Federal Rules of Civil Procedure. We agree. Sanctions for insufficient service is not warranted.

---

[16] R. Doc. 18 at 2.
[17] R. Doc. 28 at 3.

**False Accusations to Defendant's Employer**

Defendant next argues that Plaintiff made "false accusations" to his employer regarding his alleged misconduct while at his place of employment.[18] Plaintiff responds that the letter to Defendant's employer was necessary for the preservation of evidence under Rule 37(e). Upon review of the letter, the Court finds that it appropriately generally described the allegations that would be asserted by Plaintiff in this suit and informed the employer of its obligation to preserve relevant evidence from its internet server, which was allegedly used by Defendant to commit the acts complained-of by Plaintiff. This letter does not give rise to sanctions.

**Withholding Evidence**

Defendant contends that during a hearing in this matter in June, Plaintiff's counsel provided him with a notebook of evidence that had not previously been disclosed.[19] Further, he contends that after this hearing, Plaintiff's counsel sent the same evidence to the clerk of court to be added to the record. Plaintiff responds that all the subject evidence was provided to the Defendant, and the clerk of court, prior to the preliminary injunction hearing in compliance with the Court's orders.[20] This is correct. The Plaintiff complied with the Court's order. Therefore, sanctions are not warranted because neither Plaintiff nor her counsel withheld evidence from Defendant.

---

[18] R. Doc. 18 at 2.
[19] R. Doc. 18 at 4.
[20] R. Doc. 28 at 6.

## B. Plaintiff's Motion to Strike.

Plaintiff moves this Court to strike Defendant's Supplemental Filing for Pro Se Motion for Sanctions.[21] Plaintiff contends that Local Rule 7.4 ensured her the opportunity to respond to Defendant's Original Motion for Sanctions before Defendant could file subsequent Supplemental Materials in support thereof.[22] Plaintiff requests the pleading be struck in its entirety or that the immaterial portions be struck. Alternatively, Plaintiff requests the Court deny the Defendant's Original and Supplemental Motions for Sanctions.[23]

Plaintiff further opposes Defendant's Supplemental Filing on grounds that its content is immaterial and irrelevant to the present matter, as it contains material taken from the internet about Plaintiff's counsel from ten years ago in an unrelated case.[24]

Defendant opposes Plaintiff's Motion to Strike on grounds that his filings allow him to "present a full and fair defense;" Defendant does not respond to Plaintiff's assertion that his filings violated local rules.[25] Defendant's Supplemental Material does not further the merits of his defense, but rather attacks the character and credibility of Plaintiff's counsel by alleging a pattern of misconduct in matters unrelated to this lawsuit.[26]

---

[21] R. Doc. 23.
[22] R. Doc. 30, p.2. The Court notes that Defendant's Supplemental Filing is untimely per this Court's order (*see* R. Doc. 21) rather than Local Rule 7.4. This Court granted Plaintiff until July 19, 2024, to respond to Defendant's motion for sanctions; Defendant prematurely filed its Supplemental Material on July 12.
[23] R. Doc. 18.
[24] R. Doc. 30, p.2.
[25] R. Doc. 34, p.6.
[26] R. Doc. 23, p.2.

Having determined that Defendant's Motion for Sanctions should be denied,[27] the Plaintiff's motion to strike the Supplemental Filing will be granted.

### C. Plaintiff's Motion to Hold Defendant in Contempt.

Finally, Plaintiff moves this Court to hold Defendant in contempt for violating the preliminary injunction issued by the Court.[28] The injunction prohibited Defendant from "disclosing any intimate images depicting Plaintiff; continuing to display or disclose any intimate images of Plaintiff; destroying any evidence proving any prior disclosure; and disclosing Plaintiff's identity to anyone without permission from this Court."[29]

The Court will repeat herein its instructions given to the Defendant at the hearing on this motion. The injunction does not preclude Defendant from pursuing his ethics complaint against Plaintiff. However, he is prohibited from disclosing any of Plaintiff's intimate images. He is also prohibited from revealing Plaintiff's identity in connection with this lawsuit. Further, Defendant has been instructed to direct all communications to Plaintiff through her counsel.

With these instructions, the Court declines to hold Defendant in contempt at this juncture. However, failure to comply with the injunction will constitute grounds for contempt.

### III. CONCLUSION

For the reasons set forth above,

---

[27] *Supra*, p.2-4.
[28] R. Doc. 29.
[29] R. Doc. 29, p.10.

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions (R. Doc. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (R. Doc. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Hold Defendant in Contempt (R. Doc. 68) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers, this 12th day of December, 2024.

_____
**JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE**