# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| **DOE** | **CIVIL ACTION NO. 24-554** |
| **VERSUS** | **JUDGE EDWARDS** |
| **CONSTANT** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING AND ORDER

This ruling will address the Rule 12(b)(6) Motion to Dismiss[1] filed by Plaintiff Jane Doe ("Jane Doe" or "Doe"). Defendant Douglas Constant ("Constant") opposes the motion.[2] A hearing was held on November 1, 2024, wherein the Court **GRANTED** the motion and provided oral reasons. This written ruling follows.

## I.    BACKGROUND

Jane Doe brought the present action against Constant seeking injunctive and monetary relief pursuant to 15 U.S.C. § 6851(b)(1), a statute creating a civil cause of action for victims of "revenge porn," alleging that Constant released intimate visual depictions of her to her family, friends, landlord, and others without Doe's consent.[3]

Constant asserted a Counterclaim against Jane Doe alleging that she violated state and federal standards of professional conduct as a licensed psychologist and thereby caused him to suffer emotional distress.[4] Constant contends that he and Doe originally engaged in a fiduciary, patient-psychologist relationship before Doe abused

---

[1] R. Doc. 63.
[2] R. Doc. 77.
[3] R. Doc. 1. Doe also asserts state law related claims for invasion of privacy, intentional infliction of emotional distress, and negligence.
[4] R. Doc. 46.

her position and manipulated Constant into beginning a sexual relationship. Specifically, Constant alleges that Jane Doe engaged in "psychological malpractice" throughout her time as his psychologist and violated her duties of confidentiality.[5] Constant's Counterclaim seeks monetary damages from Jane Doe as a result.

Jane Doe subsequently filed the instant Motion to Dismiss, asserting that Constant fails to state a cause of action because there was never a patient-psychologist relationship between the parties and even if such a relationship existed, which Doe does not concede, Constant has no cause of action against her under state or federal law because she is not a licensed psychologist in the United States.[6]

## II.    LAW AND ANALYSIS

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint, or in this case the Counterclaim, must plead "enough facts to state a claim [for] relief that is plausible on its face."[7] A pleading attacked by Rule 12(b)(6) does not need detailed factual allegations but requires more than labels and conclusions.[8] "[A] formulaic recitation of the elements of a cause of action will not do."[9] When evaluating a pleading, courts accept all factual allegations as true.[10] However, courts need not accept legal conclusions as facts.[11]

A pleading must contain enough information to give fair notice of both the

---

[5] *Id.*
[6] R. Doc. 63-1, p.2-4.
[7] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[8] *Id.* at 555.
[9] *Id.*
[10] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

claims and the grounds on which they rest.[12] Pleaders must allege enough facts to raise their claims beyond the level of speculation, by "nudg[ing] their claims across the line from conceivable to plausible."[13] A claim is facially "plausible" when it alleges sufficient factual content to permit the reasonable inference of liability for unlawful conduct, thus giving rise to a "reasonably founded hope that the discovery process will reveal relevant evidence to support the claims."[14] Here, the moving party, Jane Doe, bears the burden of proving that Constant has failed to state a claim.[15]

## B. Constant's Counterclaim

### 1. Psychological Malpractice.

Constant claims that Jane Doe engaged in "psychological malpractice" and violated her professional duties as his psychologist under Louisiana and federal law.[16] Here, the Rule 12(b)(6) analysis requires the Court to accept all well-pleaded facts as true, viewing them in the light most favorable to the Constant.[17] Accordingly, this Court turns to Constant's factual allegations regarding the nature of his relationship with Jane Doe.

Constant alleges that he and Jane Doe entered into a verbal agreement in which Doe would be his psychological therapist in exchange for his "coaching

---

[12] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007).

[13] *See Twombly,* 550 U.S. at 570.

[14] *Id.* at 559.

[15] Fed. R. Civ. P. 12(b)(6).

[16] Constant cites Australian professional standards in his opposition to the motion to dismiss (R. Doc. 77, p.5; R. Doc. 80-1, p.5). However, the Court will disregard this assertion because he cannot modify his Counterclaim through his opposition. *See Skinner v. Gautreaux*, 549 F.Supp.3d 493, 500 (M.D. La. 2021) ("it is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.").

[17] Fed. R. Civ. P. 12(b)(6); *See also In re Katrina Canal Breaches Litig.*, at 205.

sessions."[18] Constant further alleges that the two would meet multiple times a week outside of typical business hours, sometimes for "late night sessions,"[19] and would exchange their psychological and business coaching services in those meetings.[20] Their meetings typically consisted of a "mutual sharing of experiences" in which Doe would allegedly disclose her clients' information to Constant to obtain his insight as an expert business coach.[21] Constant claims that Jane Doe "refrained from formally diagnosing him" throughout their alleged years-long relationship and encouraged him to see a local therapist for possible, self-diagnosed conditions.[22]

In response, Jane Doe asserts that she did not breach any professional duty to Constant because no fiduciary relationship existed.[23] Her relationship with Constant was platonic then romantic in nature, but did not reflect a medical fiduciary relationship.[24] In support, Jane Doe cites Constant's email to her at the conclusion of their relationship in which Constant describes the end of their relationship as a "sudden and unexpected… breakup."[25]

Further, Doe asserts that even if a patient-psychologist relationship existed, Constant has failed to plead plausible facts giving rise to a cause of action.[26]

---

[18] R. Doc. 46. p.2. Constant describes himself as a "life and business coach."
[19] *Id.*, at p.5.
[20] *Id.*, at p.3.
[21] *Id.*, at p.7.
[22] *Id.* Constant claimed that he dealt with childhood trauma, anxiety, and "abandoned child syndrome." *See* R. Doc. 46, p.8.
[23] *Id.*
[24] R. Doc. 63-1, p.4-6.
[25] R. Doc. 1-13, p.1. The Court may consider the referenced email because it is referred to in the Counterclaim and is central to Constant's claims. R. Doc. 46, p.15. ("Email from Doug to Breaking Up: This exhibit is crucial as it marks the explicit termination of their relationship from Douglas Constant's side, reinforcing his intent to end the inappropriate and harmful interactions").
[26] R. Doc. 63-1, p.5-6.

Specifically, Jane Doe contends that Constant failed to plead what constituted a breach of her alleged duty.[27] Jane Doe urges that "she has never practiced [in Louisiana], never directed business contacts towards [Louisiana], and she does not maintain a license in [Louisiana]."[28] Doe asserts that she, as a licensed psychologist in Australia, is not subject to the regulatory authority for psychologists in Louisiana.[29]

It is undisputed that Jane Doe is not licensed to practice psychology in Louisiana or anywhere in the United States. Therefore, the Louisiana and federal law cited by Constant in the Counterclaim do not apply. As Jane Doe has no duty of care prescribed by Louisiana or federal law, Constant cannot claim a breach of duty under the law cited in his Counterclaim.

Constant alleges the following facts to support the existence of a patient-psychologist relationship with Jane Doe: a verbal agreement with Doe stipulating such a relationship; their "late-night sessions"[30] outside of ordinary business hours; that Doe refrained from diagnosing him; and that Doe encouraged him to see a local therapist for his self-diagnosed conditions. These facts belie the existence of a patient-psychologist relationship; therefore, Doe does not owe Constant a duty as his psychologist.

Accordingly, Constant's claim that Jane Doe violated her professional duties

---

[27] *Id.*
[28] *Id.*, at p.3.
[29] R. Doc. 63, p.2.
[30] R. Doc. 46, p.5.

under Louisiana or federal law is not "plausible" under Rule 12(b)(6).[31]

### 2. Breach of Confidentiality Claim.

Constant next claims that Jane Doe violated "confidentiality standards" associated with psychotherapy but fails to identify what information Doe allegedly disclosed.[32] Instead, Constant makes a conclusory statement that Jane Doe breached her duty of confidentiality without any factual support for his claim. Without factual allegations, this claim does not survive scrutiny under Rule 12(b)(6).[33]

### 3. Emotional Distress Claim.

Construed broadly, Constant asserts a claim for intentional infliction of emotional distress. To recover for intentional infliction of emotional distress, a [claimant] must prove: (1) the conduct was extreme and outrageous; (2) the emotional distress suffered was severe; and (3) the tortfeasor desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct.[34] The conduct complained of must be so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is regarded as utterly intolerable in a civilized community.[35]

The Counterclaim fails to allege facts supporting the necessary elements of an intentional emotional distress claim. First, Constant fails to allege that Jane Doe engaged in "extreme and outrageous" conduct.[36] The Counterclaim, generously

---

[31] *See Twombly*, 550 U.S. at 559.
[32] R. Doc. 46, p.16.
[33] Fed. R. Civ. P. 12(b)(6).
[34] *White v. Monsanto Co.*, 585 So2d 1205, 1209-10 (La. 1991); *Deus v. Allstate Insurance Co.*, 15 F.3d 506, 514 (5th Cir. 1994).
[35] *Id.*
[36] *Id.*

construed, alleges that Doe blocked Constant's phone calls and suddenly cancelled planned calls with him.[37] Neither of these acts constitute the "extreme and outrageous" and "utterly intolerable" conduct that a claimant must sustain in an intentional infliction of emotional distress claim.[38]

Constant also alleges that a third party – Cullen Brennan, who Constant alleges may also be someone named "Bob" – is to blame for his emotional distress.[39] He alleges that Bob, perhaps acting through Cullen, contacted Constant's former clients and shared "false accusations" which he claims led to the collapse of his livelihood.[40] These allegations fail to show how *Jane Doe* is the source of the distress described in his Counterclaim.

Constant's Counterclaim also fails to allege facts to show that Doe acted intentionally to inflict emotional distress or knew that severe emotional distress would result from her conduct.

Lastly, if the Court were to construe Constant's allegations to assert a negligent infliction of emotional distress claim, this claim would also fail. To sustain a negligent emotional distress claim, Constant must first allege sufficient facts to show that Jane Doe owed him a direct and independent duty.[41] For the reasons previously discussed (i.e., lack of patient-psychologist relationship or other fiduciary

---

[37] R. Doc. 46, p.8.

[38] *White,* 585 So.2d at 1209-10.

[39] R. Doc. 46, p.2-3.

[40] *Id.*

[41] *Bacas v. Falgoust*, 760 So.2d 1279, 1281-82 (La.App. 5 Cir. 5/30/00) ("in order to prove entitlement to damages for negligent infliction of emotional distress, [claimant] must prove that an independent, direct duty was owed to [them], that the duty afforded protection to [them] for the risk and harm caused, that the duty was breached, and that the mental anguish suffered by [them] was genuine and serious"); *See also Roberts v. Benoit*, 605 So.2d 1032, 1036 (La. 1991).

duty), Constant failed to establish that Jane Doe owed him a "direct and independent duty" necessary to sustain an emotional distress claim.[42]

## III. Court Warning to Constant of Sanctionable Conduct.

Constant cited numerous legal authorities in his Counterclaim and his opposition to Doe's Motion to Dismiss; the Court discussed this at the hearing held on November 1, 2024. The Court declines to evaluate each and every fictitious authority cited by Constant, which includes the imagined suit – *Therapist v. Client* – allegedly heard by the Supreme Court of the United States.[43] The Court takes this time to make unambiguously clear that Constant's tactic of citing non-existent authority to support his arguments is unacceptable. This wastes the Court's time and resources and delays the administration of justice not only in the present case, but for all other matters pending before the Court.

Constant's fictitious caselaw served as the foundation of his Counterclaim; the fact that his supporting authority does not exist only diminishes his case. As noted by a federal district court in New York,

> A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law. An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system.[44]

The Court recognizes Constant's challenge of appearing *pro se*. Because he is not represented by counsel, Constant's pleadings are not held to the same

---

[42] *Supra.*
[43] R. Doc. 46, p.8.
[44] *Mata v. Avianca, Inc.,* 678 F. Supp.3d 443, 461 (S.D.N.Y. June 22, 2023).

stringent standard that is expected of pleadings drafted by licensed lawyers.[45] The Court instead grants a *pro se* litigant grace by liberally construing his pleadings.[46] However, the Court's liberal construction is not a proverbial "green light" for a *pro se* litigant to disregard the rules of law and abuse the judiciary with fake authority. In other words, unrepresented parties, such as Constant, are subject to the same Federal Rules of Civil Procedure as their licensed counterparts and their obligations to the court in litigation are not excused.[47] Constant's arguments, whether crafted by himself or not, are not warranted by existing law nor are they proffered to legitimately extend, modify, or reverse existing law.[48] The Court will impose sanctions to deter this behavior if it continues.

## IV.    CONCLUSION

For the reasons set forth above and provided orally at the hearing held November 1, 2024,

**IT IS ORDERED** that Jane Doe's Motion to Dismiss Constant's Counterclaim[49] is **GRANTED**.

**THUS DONE AND SIGNED** in Chambers this 4th day of February, 2025.

_Jerry Edwards, Jr._
_____
**JUDGE JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT COURT**

---

[45] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[46] *Id.*
[47] *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted as to excuse mistakes by those who proceed without counsel.")
[48] Fed. R. Civ. Pro. 11(b)(2).
[49] R. Doc. 63.