# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **JANE DOE** | **CASE NO. 1:24-CV-00554** |
| **VERSUS** | **JUDGE EDWARDS** |
| **DOUGLAS CONSTANT** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

The Court held a hearing in this matter on November 1, 2024, to put an end to what the Court described as a "proliferation of motions" in this case. At the time of the hearing, the Court addressed seven (7) pending motions.[1] The Court instructed the parties not to file anymore motions without permission from the Court.[2] Despite this instruction, pending before the Court are several motions filed by Defendant Douglas Constant ("Constant"): Motion for Choice of Law Analysis (Doc. 65)[3], Motion for Leave to Amend Counterclaims or Reconsider Dismissal (Doc. 83), Request to Amend Countersuit to Include Violations of Louisiana and Federal Laws (Doc. 85), Request for Judicial Notice and Sanctions (Doc. 97), Request for Virtual Attendance and Plaintiff's Attendance at All Hearings Defendant Must Attend (Doc. 98), and finally Defendant's Motion to Expedite Consideration of Pending Motions (Doc. 107). All of these motions are **DENIED.**

---

[1] Doc. 81.
[2] The parties were instructed to submit a letter identifying any issues they would like to address in a motion for the Court's review. This instruction did not apply to discovery related motions – which the parties are permitted to file and will be referred to the Magistrate Judge.
[3] This is the only motion addressed herein that was pending at the time of the hearing.

I.  **Motion for Choice of Law Analysis**

Constant filed a "Motion for Choice of Law Analysis" asking the Court to "determine the applicable governing law of the claims and the counterclaims in this matter."[4] This motion is opposed.[5] Constant acknowledges in this motion that the plaintiff, Jane Doe ("Plaintiff"), has brought this suit against him under "U.S. laws, such as the Violence Against Women Act (VAWA)."[6] Constant argues that a choice-of-law analysis is necessary because he has brought a counterclaim against the Plaintiff, a licensed psychologist in Australia, asserting claims based on "Psychological Malpractice, Breach of Professional Boundaries, and Intentional Infliction of Emotional Distress."[7] He asserts that "both U.S. and Australian legal frameworks are relevant given the cross-border nature of the relationship, the location of the harm, and the Plaintiff's actions, which spanned both jurisdictions."[8]

Plaintiff filed a Motion to Dismiss Constant's Counterclaim and a hearing was held on November 1, 2024.[9] At the hearing, the Court granted Plaintiff's motion and dismissed Constant's Counterclaim.[10] As the Counterclaim has been dismissed, only the Plaintiff's federal and state law claims remain. Therefore, a choice-of-law analysis is unnecessary.

---

[4] Doc. 65 at 1.
[5] Doc. 75.
[6] Doc. 65 at 1. Constant is correct that Plaintiff has asserted claims under the Violence Against Women Act, 15 U.S.C. § 6851(b)(1), which provides a civil right of action against the nonconsensual disclosure of intimate visual depictions, also known as "revenge porn." Plaintiff has also asserted related state law claims for invasion of privacy, intentional infliction of emotional distress and negligence. Doc. 1.
[7] Doc. 65 at 1-2.
[8] Doc. 65 at 2.
[9] Docs. 63 and 81.
[10] Doc. 81. The Court gave oral reasons for the dismissal of Constant's Counterclaim. Written reasons were filed in the record.

## II.  Motion for Leave to Amend Counterclaims or Reconsider Dismissal

In this Motion, Constant requests that the Court reconsider its dismissal of his Counterclaim and grant him leave to submit an Amended Counterclaim.[11] Constant provides a narrative, which the Court presumes to be his Amended Counterclaim.[12] Constant's proposed narrative offers the same allegations raised in his original Counterclaim, but with more detail. Absent any new substantive allegations, Constant's motion does not provide sufficient cause for reconsideration or amendment.[13]

## III.  Request to Amend Countersuit to Include Violations of Louisiana and Federal Laws

In this filing, Constant seeks leave to amend his "countersuit" to assert allegations against Doe related to violations of state and federal laws based on the unauthorized practice of psychology, negligence per se, fraudulent misrepresentation, and emotional distress.[14] In support of this request, Constant attached complaints that he has filed against Doe with the Louisiana State Board of Examiners of Psychologists and the American Psychological Association.[15] Constant's filing does not allege any facts not previously set forth in his Counterclaim that has been dismissed. Accordingly, this request is denied.

---

[11] Doc. 83.
[12] Doc. 83-1.
[13] "Under Rule 54(b), a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Luv N'Care, Ltd. v. Jackel International Ltd.,* 2021 WL 4343415, at *4 (W.D. La. Sept. 23, 2021). A district court may deny leave to amend when the amendment would be futile. See *Marucci Sports, LLC v. National Collegiate Athletic Ass'n,* 751 F. 3d 368, 378 (5th Cir. 2014).
[14] Doc. 85.
[15] Doc. 85-1.

### IV. Request for Judicial Notice and Sanctions

Next Constant seeks to raise issues related to Plaintiff's counsels' conduct.[16] Specifically, Constant alleges that counsel failed to adhere to deadlines, has been tardy to hearings, made misleading statements to the Court, and disregarded Court directives. Constant asserts that these actions have prejudiced him and he recommends that the Court impose sanctions. The Court has heretofore declined the invitation to impose sanctions and will do so again. The Court will take this opportunity to inform Constant that the Court will hold him to the same standard of conduct imposed on attorneys under Local Rule 83.2.14, which prohibits the use of "disparaging personal remarks or acrimony toward opposing counsel … ." The Court will impose this standard in pleadings, in court proceedings, and in all communication with Plaintiffs' counsel.

### V. Request for Virtual Attendance and Plaintiff's Attendance at All Hearings Defendant Must Attend

Constant seeks permission to attend all upcoming hearings virtually because he has relocated to Baton Rouge and Plaintiff is allowed to attend hearings virtually.[17] The Court will handle appearances at each hearing on a case-by-case basis. Accordingly, this request is denied without prejudice to Constant's right to re-urge it as hearings are scheduled.

### VI. Defendant's Motion to Expedite Consideration of Pending Motions[18]

---

[16] Doc. 97.
[17] Doc. 98.
[18] Doc. 107.

This motion was filed on January 30, 2025, seeking expedited consideration of two motions addressed herein: Constant's Motion for Leave to Amend Counterclaims or Reconsider Dismissal, and his Request to Amend Countersuit to Include Violations of Louisiana and Federal Laws. As these motions have been decided, this motion is denied as moot.

### VII. CONCLUSION

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that the following motions filed by Douglas Constant are **DENIED**: Motion for Choice of Law Analysis (Doc. 65), Motion for Leave to Amend Counterclaims or Reconsider Dismissal (Doc. 83), Request to Amend Countersuit to Include Violations of Louisiana and Federal Laws (Doc. 85), and Request for Judicial Notice and Sanctions (Doc. 97).

**IT IS FURTHER ORDERED** that the Request for Virtual Attendance and Plaintiff's Attendance at All Hearings Defendant Must Attend (Doc. 98) is **DENIED without prejudice** to the right of Constant to request leave to attend hearings by video on a case-by-case basis.

**IT IS FURTHER ORDERED** that the Motion to Expedite Consideration of Pending Motions filed by Douglas Constant is **DENIED AS MOOT.**

**THUS DONE** in Chambers on this 4th day of February, 2025.

_____
**JUDGE JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT COURT**