UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JANE DOE | CIVIL ACTION NO. 24-554 |
| VERSUS | JUDGE EDWARDS |
| DOUGLAS CONSTANT | MAG. JUDGE PEREZ-MONTES |

**MINUTES AND ORDER**

An in-person status conference was held in the above matter on October 9, 2025, and concluded within one hour. Wes Bearden and Jack Rizzuto attended on behalf of the plaintiff, Jane Doe ("Plaintiff"). The defendant, Douglas Constant ("Defendant"), attended *pro se*. Timothy Scott attended on behalf of the intervenor, Martco, LLC ("Martco"). The conference was called to resolve pending motions, address recurring issues, and ensure the case's progression—as explained below.

1. **Motion for Reconsideration (ECF No. 117)**

The Court first addressed Defendant's Motion for Reconsideration. Defendant seeks reconsideration of the Court's denial of his prior motions. As explained in the conference, since he has identified no manifest error, change in the law, or material change in the facts warranting reconsideration, reconsideration is unwarranted. *See Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). Furthermore, insofar as Defendant seeks reconsideration of the Court's prior denial of reconsideration, *see* ECF No. 109 at 3, of our ruling dismissing Defendant's counterclaim, *see* ECF No. 81, reconsideration is doubly unwarranted. *See Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) ("The federal rules do not provide for a motion requesting a reconsideration of a denial of a reconsideration."). **DENIED**.

### 2. Motion to Compel / Attorney's Fees (ECF No. 93)

Plaintiff has yet to receive initial disclosures and discovery responses from Defendant. *See* ECF No. 93. She has attempted to conference and resolve these issues, but Plaintiff does not oblige. *See id.* So, she seeks production and related attorney's fees. Defendant contends that his counterclaim needs to be resolved before discovery may commence further, and that he has already "fully answered all interrogatories in [his] prior filings with this Court." *See* ECF No. 96. Defendant has no counterclaim, *see* ECF Nos. 81 & 109, and he has filed no answers to interrogatories with the Court. Accordingly, the Motion was **GRANTED**. The Court directed Plaintiff to resend her discovery requests to Defendant, and file proof of such into the record. Defendant shall have thirty (30) days thereafter to respond to those discovery requests. If Defendant does not respond, he will face sanctions, including (1) liability for Plaintiff's attorney's fees expended in seeking the discovery, and (2) prohibition from putting on his evidence at trial. Plaintiff is further directed to provide Defendant with her original discovery responses. Additionally, Defendant shall have seven (7) days to request any additional discovery from Plaintiff, to which Plaintiff shall have thirty (30) days to respond. If either party believes the respective discovery responses to be insufficient, they may file an appropriate discovery motion after the discovery response deadlines pass.

### 3. Motion to Amend (ECF No. 100)

Plaintiff seeks to amend her complaint. *See* ECF No. 100. The Court **GRANTED** the Motion insofar as it sought to add an additional incidence of unauthorized disclosure under 15 U.S.C. § 6851, and a related defamation claim.

However, the Court **DENIED** the Motion insofar as it sought to add Martco to this suit, as lacking good cause and as futile. Plaintiff contends that Martco employed Defendant, and it was from Martco's computers, computer network, and workplace that Defendant committed the acts giving rise to Plaintiff's claims. Martco sought and was granted leave to intervene to oppose amendment. *See* ECF No. 105. Martco asserts that Plaintiff has not shown the requisite "good cause" to amend her pleadings at this late stage. *See* ECF No. 111. Martco next argues that the amendment would be futile anyway because the Plaintiff cannot establish liability on Martco's part. On this point, Martco avers that the statute by which Plaintiff seeks to recover does not provide for vicarious liability, and that even if vicarious liability were legally actionable, it would not flow from these facts. Last, Martco denies any independent liability for negligent hiring, supervision, or training. Martco wins.

First, Plaintiff has failed to show good cause for amending her pleadings this far out of time. A party must show "good cause" in order to amend pleadings when the deadline for amendment in the scheduling order has passed. *S.W. Enterprises, LLC v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 535–36 (5th Cir. 2003). The good cause factors are: (1) the explanation for the failure to timely seek amendment; (2) the amendment's importance; (3) the potential prejudice in allowing the amendment; and (4) whether continuance can cure such prejudice. *Id.* at 536. She fails on the first factor. Plaintiff must show that the deadline could not have reasonably been met despite her diligence. *Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 347-48 (5th Cir. 2008). The extent of Martco's (or at least its parent company, RoyOMartin) involvement here was defined, at its broadest point, at the

beginning of this litigation. In this vein and uncoincidentally, Plaintiff erroneously submitted filings with RoyOMartin in the case caption well before the amendment deadline. *See, e.g.*, ECF No. 11. Furthermore, it was known by Plaintiff before this litigation commenced that Defendant used Martco's computer and internet access to engage Plaintiff. *See* ECF No. 29 at 2, 6–7; *see also* ECF No. 111-2. Since then, neither the pleadings nor discovery has enlarged Martco's involvement such that Plaintiff could be newly certain that they are somehow liable. As Plaintiff was on notice of the unchanged extent of Martco's involvement or uninvolvement from the outset of this litigation, she cannot show good cause for her delay in adding them as a party now. *See Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541 (5th Cir. 2003) (affirming denial of leave to amend where the plaintiff was "aware of the … basis of its proposed amendment months in advance of the deadline" and yet failed to timely amend.); *see also Elvir v. Trinity Marine Prods., Inc.*, 327 F.R.D. 532, 548–49 (M.D. La. 2018), *aff'd,* No. CV 16-814-SDD-EWD, 2018 WL 4628320 (M.D. La. Sept. 27, 2018) ("Plaintiffs have not provided sufficient explanation for why they seek leave to amend to add Legrand, an entirely new and unrelated party …, fourteen (14) months after the deadline set by the Court to file amended pleadings when the evidence submitted reflects that Plaintiffs had knowledge … sufficient to name Legrand in a more timely manner, if not prior to the deadline.) And even if good cause existed, amendment adding Martco would be futile.

    District courts may deny leave to amend if amendment would be futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). An amendment is considered futile if "the amended complaint would fail to state a claim

upon which relief could be granted." *Id.* at 873. Accordingly, the Court must apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)" to the proposed amended pleadings. *Id.* (citation omitted). In this case, amendment is futile because Plaintiff cannot state a claim against Martco for vicarious or independent liability.

In the first place, the Court is not entirely sure whether the operative federal statute, 15 U.S.C. § 6851, allows for such a vicarious liability theory. *See Schlumberger Tech. Corp. v. McReynolds,* CV 15-2455, 2016 WL 4597627, at *4 (W.D. La. Sept. 1, 2016) (explaining in the context of a similar federal statute providing a private right of action, the Computer Fraud and Abuse Act, that whether vicarious liability is available, or whether the action may only be maintained against the violator, is unclear and unsettled, and that where found appropriate, the "vicariously liable party [must have at least] encouraged, directed, or otherwise affirmatively acted in support of the party directly violating the statute" for liability to attach).

But, even if the Court were persuaded to follow Plaintiff's chosen case from the Eastern District of Washington, *Doe v. T-Mobile USA, Inc.,* 4:23-CV-05166-SAB, 2024 WL 1705925 (E.D. Wash. Apr. 19, 2024), string together Ninth Circuit precedents, and find that 15 U.S.C. § 6851 provides for vicarious liability of an employer in disseminating revenge porn, it remains that Plaintiff cannot show the applicability of vicarious liability *here*. The *T-Mobile* case involved a T-Mobile employee disseminating nude photographs he retrieved from a traded-in iPhone. *See id.* There, the T-Mobile employee was entrusted as a custodian of the customer's data—by facilitating the transfer of old data from old iPhones to new iPhones and receiving and "wiping" the old iPhones. *Id.* No such logical nexus to Defendant's role at Martco

and his dissemination of Plaintiff's photographs exists. Defendant's online chatting with his psychologist girlfriend was not in the ambit of his assigned duties or in furtherance of Martco's objectives—this is true whether considering the pleadings alone, or considering the evidence adduced at the preliminary injunction hearing, or considering the recent motion and discovery practice. Rather, all Martco did was provide Defendant with a computer and an internet connection. There is no allegation that Martco "encouraged, directed, or otherwise affirmatively acted" with relation to Plaintiff's claims. *See Schlumberger,* 2016 WL 4597627, at *4–5. Altogether, Plaintiff fails to show the availability of a vicarious liability claim here.

Similarly, Plaintiff cannot state an independent state law negligence claim against Martco because Defendant was not given "a unique opportunity to commit a crime against a third party" … "in the performance of his duties," *Lou-Con v. Gulf Building Services*, 287 So.2d 192, 198–199 (La. App. 4th Cir. 1973), or "likely to subject third parties to serious risk of harm….," *Roberts v. Benoit*, 605 So.2d 1032, 1041-42 (La. 1991). He was a maintenance planner *with a computer*.

Plaintiff shall have seven (7) days to file her amended complaint as to the aforementioned claims against Defendant, but may not add any claims against Martco, LLC. Defendant shall have 14 days thereafter to file an answer. Trial remains set for March 30, 2026, and a revised scheduling order will follow.

**THUS DONE AND SIGNED**, this 10th day of October, 2025.

_____
Jerry Edwards, Jr.
United States District Judge