UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JANE DOE | CIVIL ACTION NO. 24-554 |
| VERSUS | JUDGE EDWARDS |
| DOUGLAS CONSTANT | MAG. JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion for Remote Testimony at Trial (ECF No. 133), filed by the plaintiff, Jane Doe ("Plaintiff"). Plaintiff seeks permission for her and her expert to testify by video teleconference at trial. *Id.* at 1. The Motion is **GRANTED in part** and **DENIED in part**.

"At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).

And, so, "[a]t trial, live testimony is typically required," and "[t]he Rule 43(a) exception cannot be permitted to swallow the live-testimony rule." *Callier v. Jascott Invs., LLC*, No. 3:22-CV-00301-LS, 2025 WL 97846, at *1 (W.D. Tex. Jan. 14, 2025) (footnotes omitted). "The decision whether to allow remote testimony pursuant to Rule 43(a) lies within the district court's discretion." *Shenzen Synergy Digital Co. v. Mingtel, Inc.*, No. 4:19-CV-00216, 2021 WL 6072565, at *2 (E.D. Tex. Dec. 23, 2021) (citing *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013); *see also Air*

*Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 714 (Fed. Cir. 2005) ("the motion involved a matter expressly reserved to the sound discretion of the trial court"). "Indeed, Rule 43(a) 'is by its own terms permissive and not mandatory. Therefore, even if a party makes an adequate showing of good cause for the use of remote testimony, district courts are not required to permit it.'" *Id.* (quoting *Eller*, 739 F.3d at 478); *cf.* Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment ("Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission. The court is not bound by a stipulation, however, and can insist on live testimony. Rejection of the parties' agreement will be influenced, among other factors, by the apparent importance of the testimony in the full context of the trial.").

Plaintiff cites distance, expense, and inconvenience to her; none are availing. *See Krause v. Krause,* No. 1:21-CV-01706-JLT-SAB, 2022 WL 1292261, at *7–10 (E.D. Cal. Apr. 29, 2022). "Litigation is usually inconvenient for the parties involved." *Scheble v. Davenport,* No. CIV.A.3:07CV0189-M, 2007 WL 1893364, at *3 (N.D. Tex. June 29, 2007). And showing up to your own trial is one of those necessary inconveniences. This is not a case of demonstrable destitution. *Compare with Lopez v. NTI, LLC,* 748 F. Supp. 2d 471, 480 (D. Md. 2010). Plaintiff, a licensed psychologist in Australia, instituted this civil action, in this forum, seeking $1,200,000 in statutory damages. *See generally* ECF No. 1. The prospects of long flights and familial obligations are not enough—at least to this Court. *See Humbert v. O'Malley,* No. CIV. WDQ-11-0440, 2015 WL 1256458, at *2 (D. Md. Mar. 17, 2015). Accordingly, the Motion as to Plaintiff's attendance is **DENIED**.

The Court will **GRANT** the Motion, however, as to Mr. Halprin's attendance. He is a witness only, and the Court finds that good cause exists under Fed. R. Civ. P. 43(a) to allow him to testify from Australia by simultaneous video.

**THUS DONE AND SIGNED** this 5th day of February, 2026.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE